572 April 22, 2026 No. 310

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CENTRAL OREGON LANDWATCH,
*Petitioner,*
*and*

THE CONFEDERATED TRIBES OF THE
WARM SPRINGS RESERVATION OF OREGON,
*Intervenor-Petitioner below,*

*v.*

DESCHUTES COUNTY;
Kameron Delashmutt; Central Land and
Cattle Company, LLC; and Pinnacle Utilities, LLC,
*Respondents.*
Land Use Board of Appeals
2025050;
A189465

Argued and submitted February 19, 2026.

Carol Macbeth argued the cause and filed the brief for petitioner.

J. Kenneth Katzaroff argued the cause for respondents. Also on the brief were Schwabe, Williamson & Wyatt, P. C.; and Stephanie Marshall and David Doyle.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner Central Oregon LandWatch (petitioner) seeks judicial review of an order of the Land Use Board of Appeals (LUBA) dismissing as untimely petitioner's appeal from an order of the Deschutes County Board of Commissioners (the county) approving a modification to a destination resort final master plan. Petitioner contends that LUBA erred in determining that petitioner's appeal was untimely. We conclude that LUBA did not err and affirm the dismissal.

Petitioner sought to appeal to LUBA an order of the county that became final on July 30, 2025. It is undisputed that the deadline to file the appeal was August 20, 2025. *See* ORS 197.830(9) (stating that "[a] notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final"). OAR 661-010-0015(1)(a) provides that if a notice of intent to appeal (NITA) is filed after the 21-day deadline, "the appeal shall be dismissed." Thus, the question before LUBA (and now before us) was whether petitioner's NITA met that deadline.

The date of filing of a NITA is governed by OAR 661-010-0015(1)(b), an administrative rule promulgated by LUBA, which defines three means by which the date of filing of a NITA is determined:

"(A)   The date the Notice is received by the Board;

"(B)   The date the Notice is mailed, provided it is mailed by registered or certified mail, and the party filing the Notice has proof from the post office of such mailing date. *If the date of mailing is relied upon as the date of filing, the date of the receipt stamped by the United States Postal Service showing the date mailed and the certified or registered number is the date of filing*; or

"(C)   The date the Notice is deposited with or dispatched for delivery by a commercial delivery service, provided the party filing the Notice has proof from the commercial delivery service of such deposit or dispatch date. Proof of such deposit or dispatch date includes a receipt from the commercial delivery service showing the date the Notice is deposited with the commercial delivery service or *a receipt*

> *from the commercial delivery service's online tracking ser-*
> *vice showing the date the Notice is dispatched for delivery by*
> *the commercial delivery service."*

(Emphases added.) Under OAR 661-010-0015(1)(b), the filing of a NITA is timely if (1) it is received by LUBA by the filing deadline, OAR 661-010-0015(1)(b)(A); or (2) if the NITA is sent by registered or certified mail, it is proved by the petitioner that the date of the receipt stamped by the United States Postal Service (USPS) (showing the date mailed and the certified or registered number) is a date on or before the filing deadline, OAR 661-010-0015(1)(b)(B); or (3) if the NITA is deposited with or dispatched for delivery by a commercial delivery service, it is proved that the date of receipt by the commercial delivery service or the commercial delivery service's online tracking service is a date on or before the filing deadline. OAR 661-010-0015(1)(b)(C).

LUBA received petitioner's NITA on August 25, 2025, five days after the deadline. Intervenor-Respondents Kameron DeLashmutt, Central Land & Cattle Company, LLC, and Pinnacle Utilities, LLC (intervenor-respondents), received service of petitioner's NITA on August 21, 2025, one day after the deadline.

Intervenor-respondents sought information from petitioner to confirm the date of its mailing of the NITA. Petitioner provided intervenor-respondents with a receipt, dated August 20, 2025, from "Pack Ship & More #3," (Pack Ship) in Bend, Oregon, showing payment for postage, office supplies, and copies.

On intervenor-respondents' request, LUBA sent to intervenor-respondents a signed copy of the envelope in which petitioner's NITA was mailed. The certified mail tracking number on the envelope showed that the envelope had been delivered to the USPS in Portland on August 21, 2025.

Intervenor-respondents filed a motion to dismiss petitioner's appeal as untimely, contending that petitioner had failed to prove that the NITA had been mailed by the August 20 filing deadline. In support of the motion, intervenor-respondents submitted the certified mail tracking

number showing that the envelope had been delivered to the USPS on August 21, 2025.

Petitioner responded that it had deposited the NITA with the USPS on August 20, 2025. As proof, petitioner submitted:

(1) the USPS tracking history provided by intervenor-respondents showing receipt of the parcel at the USPS in Portland on August 21;

(2) a USPS receipt of certified mailing with a tracking number that matched the tracking number on the envelope received by LUBA. The receipt was not stamped with a date or filled out by the USPS but, in and below the box marked "Postmark Here," it included a signature over the handwritten date "8/20."

(3) an e-Receipt from Pack Ship, dated August 20, 2025, for two line-items: "USPS First Cl 273" for $1,037.40; and "USPS First Class Mail Flat" for $15.48. Below the total and tender is a line, "Total shipments 0."

LUBA concluded that petitioner had not proved that the NITA had been mailed by certified mail on August 20, 2025. LUBA addressed each of petitioner's submissions. The Pack Ship receipt, LUBA concluded, did not establish that petitioner had deposited the NITA parcel with Pack Ship on August 20, 2025. LUBA further concluded that the handwritten date on the USPS receipt of certified mailing was not objective proof of the date of mailing, because it lacked verification *by the USPS* of the date of deposit with the USPS. LUBA further explained that, although the USPS tracking information showed that the NITA parcel had been received by the USPS in Portland on August 21, 2025, it did not show when the parcel had been deposited with the USPS. Thus, LUBA concluded, petitioner had failed to establish that the NITA was timely mailed on August 20, and LUBA dismissed the appeal.

On judicial review, petitioner contends that LUBA's order is unlawful in substance in failing to conclude that the receipt from Pack Ship and the USPS certified mail receipt satisfied the requirements of OAR 661-010-0015(1)(b)(C) by

proving delivery of the NITA parcel to a "commercial delivery service."

We reject petitioner's argument for two reasons: First, although LUBA did not address the issue, the record does not reflect that Pack Ship is a "commercial delivery service." OAR 661-010-0015(1)(b)(C) does not define what constitutes a "commercial delivery service," but textually, it must be an entity that "delivers." That construction is confirmed contextually by the rule's statement that, when a commercial delivery service is used, the date of mailing can be established by the commercial delivery service's "online tracking service showing the date the Notice is *dispatched for delivery* by the commercial delivery service." (Emphasis added.) Thus, a commercial delivery service "dispatches for delivery." Petitioner has not put on evidence that Pack Ship "dispatch[es] for delivery" the mail or packages it receives from customers; rather, it appears to be a conduit to shipping services, because it gives customers' mail or packages to the USPS or to a commercial delivery service like UPS or FedEx for dispatch and delivery. Enlisting Pack Ship to take petitioner's certified mail to the post office did not convert Pack Ship into a commercial delivery service.

Second, by its own admission, petitioner chose to send the NITA to LUBA by certified mail, not by a commercial delivery service. Thus, it would be delivered to LUBA by the USPS, not by a commercial delivery service. Therefore, the relevant subsection of the administrative rule for purposes of determining whether petitioner's filing was timely is not, as petitioner argues, OAR 661-010-0015(1)(b)(C), applicable when a NITA is deposited with or dispatched for delivery by a commercial delivery service, but OAR 661-010-0015(1)(b)(B), applicable when a NITA is sent by mail. OAR 661-010-0015(1)(b)(B) provides:

> "If the date of mailing is relied upon as the date of filing, the date of the receipt stamped by the United States Postal Service showing the date mailed and the certified or registered number is the date of filing[.]"

Petitioner did not provide evidence of a receipt stamped by the USPS showing a date of mailing of August 20, 2025.[1] Thus, we conclude that LUBA did not err in dismissing petitioner's appeal as untimely, and we affirm LUBA's order.

Affirmed.

---

[1] We take judicial notice that a URL webpage of the USPS includes lists of authorized post-office collection locations, including "National Retailers" and "contract postal units." https://tools.usps.com/locations/home.htm (accessed Mar 12, 2026.) Pack Ship is not listed among them.